NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 28 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DEANNA-KATHLEEN YATES; RONNIE YATES, <br><br>             Plaintiffs-Appellants, <br><br>  v. <br><br> THE MONEY SOURCE, INC., DBA Endeavor America Loan Services; MIDLAND MORTGAGE; TRUSTEE, REMIC PASS-THROUGH CERTIFICATES FANNIE MAE REMIC TRUST 2017-21; FANNIE MAE, Mail Draw Assignments; CALAVERAS COUNTY CLERK RECORDER; CENLAR FSB CORPORATE HEADQUARTERS; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., <br><br>             Defendants-Appellees. | No. 23-16005 <br><br> D.C. No. 1:23-cv-00155-JLT-EPG <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Jennifer L. Thurston, District Judge, Presiding

Submitted January 22, 2025[**]

---

      [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

      [**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before:     CLIFTON, CALLAHAN, and BENNETT, Circuit Judges.

Deanna-Kathleen Yates and Ronnie Yates appeal pro se from the district court's judgment dismissing their action alleging federal and state law claims concerning the discharge of debt connected to their real property. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under Federal Rule of Civil Procedure 12(b)(6). *Puri v. Khalsa*, 844 F.3d 1152, 1157 (9th Cir. 2017). We affirm.

The district court properly dismissed plaintiffs' sole federal claim under § 1 of the Sherman Act because plaintiffs failed to allege facts sufficient to state a plausible claim. *See Optronic Techs., Inc. v. Ningbo Sunny Elec. Co.*, 20 F.4th 466, 479 (9th Cir. 2021) (setting forth elements of an antitrust claim under 15 U.S.C. § 1).

The district court did not abuse its discretion in denying supplemental jurisdiction over plaintiffs' remaining state law claims. *See Dyack v. Northern Mariana Islands*, 317 F.3d 1030, 1037-38 (9th Cir. 2003) (setting forth standard of review and explaining that 28 U.S.C. § 1367(c)(3) permits the district court to decline to exercise supplemental jurisdiction over state law claims where the district court "has dismissed all claims over which it has original jurisdiction").

Contrary to plaintiffs' contention, the district court lacked diversity jurisdiction over the action. *See Kuntz v. Lamar Corp.*, 385 F.3d 1177, 1181 (9th

Cir. 2004) ("For a case to qualify for federal jurisdiction under 28 U.S.C.

§ 1332(a), there must be complete diversity of citizenship between the parties

opposed in interest.").

We do not consider arguments and allegations raised for the first time on

appeal.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Fannie Mae's request for judicial notice, set forth in its answering brief, is

denied as unnecessary.

**AFFIRMED.**